IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TABLETOP MEDIA, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMI ENTERTAINMENT NETWORK, LLC, ) <br> ) <br> Defendant. ) | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Tabletop Media, LLC ("Tabletop") brings this action to obtain a declaratory judgment that its pay-at-the-table tablet for the dining segment does not infringe any of the claims of U.S. Patent No. 9,403,091 ("the '091 patent"). This action is filed pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of resolving an actual and justiciable controversy between Tabletop and defendant AMI Entertainment Network, LLC.

## PARTIES

1.  Tabletop is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 12404 Park Central Drive, Suite 350, Dallas, Texas 75251.

2.  On information and belief, defendant AMI Entertainment Network, LLC ("AMI") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 4147 Eastern Avenue SE, Suite 200, Grand Rapids, Michigan 49508.

## JURISDICTION AND VENUE

3.  Tabletop brings this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to obtain a judicial declaration that the '091 patent, purportedly owned by AMI,

has not been infringed by Tabletop. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1-390, and is based upon an actual and justiciable controversy between the parties with respect to the infringement of the '091 patent.

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the claims involve federal questions of patent law and AMI, a Delaware limited liability company, is subject to personal jurisdiction in this district.

## AMI'S ALLEGATIONS OF PATENT INFRINGEMENT AGAINST TABLETOP

6. On November 7, 2016, Michael G. Maas, AMI's Chief Executive Officer, sent Tabletop's General Counsel a letter (by certified mail, return receipt requested) and enclosed "[a] copy of the '091 patent . . . as Exhibit A." A true and correct copy of the November 7, 2016 letter with the enclosure is attached hereto as Exhibit 1.

7. In the letter, AMI states:

> It has recently come to our attention that Tabletop Media, LLC ('Tabletop' or 'Ziosk') develops and distributes a tablet device that includes the functionality described in the '091 patent. We believe that the '091 patent covers the Ziosk tablet's features that allows restaurant diners to play a game on the tablet and pay for that game as part of the diners' food and beverage bill.

(Ex. 1.) AMI also states its contention that, "[i]n view of the relevance of the '091 patent to this device," Tabletop must enter a license agreement. (*Id.*)

8. To further AMI's thinly-veiled threat of patent enforcement against Tabletop, AMI copied its outside patent litigation counsel, "John D. Simmons, Esquire (jsimmons@panitchlaw.com)," on the letter. (*Id.*)

9. Before AMI's 10-day response deadline, on November 14, 2016, Tabletop informed AMI of its contention that the '091 patent had no relevance for Ziosk.

2

10. Despite Tabletop's denial of infringement, AMI continued to charge patent infringement.

11. Three days later, in an email to Tabletop's Chief Executive Officer Austen Mulinder, Maas stated that "the relevance to Ziosk is readily apparent." After "suggest[ing] [the two] get together in early December . . . to discuss BOTH the patent impact and synergy opportunities," Maas further stated that he wanted "to include [AMI's] patent counsel, John Simmons, to address the first topic."

12. In a November 21, 2016 email, Mulinder proposed to Maas that the two CEOs meet without legal counsel present.

13. The same day, AMI increased its threat of a patent infringement lawsuit. As a condition to their December 8, 2016 meeting, Maas stated in an email to Mulinder that AMI's outside patent litigation counsel and Tabletop's General Counsel needed to "do a short, very informal, phone call prior to [the] meeting."

14. The two attorneys conferred by telephone on November 23, 2016.

15. After stating that he had inspected Tabletop's pay-at-the-table tablet and reviewed the information on Tabletop's website and other publicly available sources, Simmons asked Tabletop's General Counsel to explain the factual basis of Tabletop's belief that it did not infringe the '091 patent (which she did). The teleconference lasted about three minutes, with AMI's outside patent litigation counsel ending the call by concluding that her explanation was "subject to claim construction."

16. In sum, AMI's conduct has caused Tabletop to reasonably and legitimately apprehend that AMI will sue Tabletop for infringement of the '091 patent on account of its belief that entering a license agreement with AMI is not warranted.

## COUNT I

## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,403,091

17. Tabletop hereby incorporates by reference each of its allegations contained in paragraphs 1-16 of this Complaint for Declaratory Judgment as if set forth herein.

18. The manufacture, use, sale, offer to sell, and/or importation of Tabletop's pay-at-the-table tablet does not infringe and has not infringed any of the claims of the '091 patent. In addition, the manufacture, use, sale, offer to sell, and/or importation of Tabletop's pay-at-the-table tablet does not contribute to or induce the infringement of any of the claims of the '091 patent.

19. Tabletop has not infringed and does not infringe, directly or indirectly, any of the claims of the '091 patent, either literally or under the doctrine of equivalents.

20. There is an actual and justiciable controversy between Tabletop and AMI over AMI's allegation of Tabletop's infringement of the '091 patent.

21. As a result of the facts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

22. A judicial declaration of non-infringement is necessary and appropriate so that Tabletop may ascertain its rights regarding the '091 patent.

## PRAYER FOR RELIEF

WHEREFORE, Tabletop respectfully asks this Court to enter judgment in Tabletop's favor against AMI granting the following relief:

A. A declaration that Tabletop's pay-at-the-table tablet does not infringe and has not infringed any of the claims of the '091 patent;

B.     An order declaring that this is an exceptional case and awarding Tabletop its costs, expenses, disbursements, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

C.     Any such other and further relief that this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 38.1, Tabletop respectfully demands a jury trial of all issues triable to a jury in this action.

| | |
|---|---|
| | */s/Kelly E. Farnan* |
| | Kelly E. Farnan (#4395) |
| | farnan@rlf.com |
| OF COUNSEL: | Nicole K. Pedi (#6236) |
| Samuel E. Joyner | pedi@rlf.com |
| sjoyner@ccsb.com | Richards, Layton & Finger, P.A. |
| CARRINGTON, COLEMAN, SLOMAN & | One Rodney Square |
|  BLUMENTHAL, L.L.P. | 920 North King Street |
| 901 Main Street, Suite 5500 | Wilmington, DE 19801 |
| Dallas, Texas 75202 | (302) 651-7700 |
| (214) 855-3000 | |
| | *Attorneys For Plaintiff Tabletop Media, LLC* |

Dated:  December 2, 2016